UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SUSANNAH RESNICK, )
    Plaintiff )
  )
Vs. )   Civil Action No.
  )
NEWTON PUBLIC SCHOOLS, )
    Defendant )

## COMPLAINT

1. The Plaintiff, Susannah Resnick, is a natural person currently residing in Newton, Massachusetts.

2. The Defendant, Newton Public Schools (hereinafter "NPS"), is a governmental entity and public school district responsible for the administration of public schools located in the City of Newton.

3. The Plaintiff files this action pursuant to the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §1415(i)(3)(B). Said regulation grants this Court jurisdiction over all cases filed pursuant to this section, regardless of the amount in controversy.

4. The Plaintiff is the mother of a child who is disabled and is eligible to receive special education services from NPS under the IDEA and Massachusetts special education law. In order to maintain confidentiality of the identity of Plaintiff's child, Plaintiff's child will hereinafter be referred to as "Student."

5. Though a child of average intelligence, Student has a very significant and complex constellation of learning disabilities. Student's learning disabilities include, but may not be limited to, language processing deficits, severe memory deficits, a seizure disorder, motor skill deficits, and auditory processing deficits. Said disabilities have seriously impaired Student's ability to learn in all areas of the curriculum, especially in the areas of reading, writing, organization, integration and generalization of academic skills, social skills, and mathematics. Student's disabilities affect every aspect of his life.

6. Student was first found eligible to receive special education services from NPS when he was in pre-Kindergarten, and he attended school in NPS under an individualized education plan (IEP) from that time through second grade.

7. Student failed to make effective progress in his areas of educational need while he attended school in NPS.

8. Despite knowing that Student had made little progress in school and that he required a very structured, fully integrated small-group program that could meet his special needs for all subjects, NPS proposed IEPs dated 4/7/08- 4/7/09 (IEP1), and 3/30/09 – 3/25/10 (IEP2), which placed Student in a special education program at NPS known as the "REACH" program.

9. The Plaintiff rejected both IEPs and placed Student at the Learning Prep School (hereinafter "LPS"), which is a private school in Newton, Massachusetts specializing in educating children with language-based learning disabilities and other learning disabilities similar to Student's. Prior to removing Student from NPS and placing him at LPS, Plaintiff provided NPS with written notices of her intention of placing Student at LPS for the 2008/2009 and 2009/2010 academic years, and her intention to seek funding of that placement from NPS.

10. Student is currently a student at LPS, and has been a student there since the beginning of the 2008/2009 academic year.

11. Pursuant to the IDEA, Plaintiff filed a request for an administrative due process hearing with the Bureau of Special Education Appeals (BSEA) on or about April 22, 2009, alleging that NPS violated the IDEA and state special education laws by failing to make available to Student a "free and appropriate public education" (FAPE).

12. IEP1 and IEP2 were the two IEPs in dispute in the BSEA hearing. The Plaintiff sought reimbursement for tuition, transportation and other expenses related to Student's placement at LPS, as well as prospective funding for placement at LPS from the date of the BSEA's decision through the date IEP2 expired.

13. A full evidentiary hearing was conducted before a BSEA Hearing Officer on October 21, 22, 26, and 28, 2009, and the parties made closing arguments on November 4, 2009.

14. The BSEA Hearing Officer issued a final decision on the case (docket number was BSEA #09-6466) on November 20, 2009, and the Plaintiff prevailed on a very substantial portion of her claims.[1] In particular, the Hearing Officer held that IEP2 was inappropriate from 11/20/09 through the final expiration date on IEP2. Accordingly, the Hearing Officer therefore ordered NPS to fully fund Student's placement at LPS from 11/20/09 through the expiration date of IEP2.

15. The Plaintiff qualifies as "a prevailing party who is the parent of a child with a disability" in the matter litigated before the BSEA, and therefore may recover reasonable attorney's fees and costs, pursuant to the IDEA, 20 U.S.C. §1415(i)(3)(i)(I), in this action.

16. Plaintiff retained and hired undersigned counsel, Sean T. Goguen, to represent her and Student's interests regarding IEP1 and IEP2.[2] Plaintiff and undersigned counsel entered into a contractual agreement whereby Plaintiff would pay undersigned counsel on an hourly basis, as well as pay for all case expenses.

---

[1] Plaintiff did not prevail on her reimbursement claims.
[2] Plaintiff initially filed a claim regarding an earlier IEP dated 10/22/07 – 10/10/08, but later voluntarily waived that claim.

17. Undersigned counsel represented the Plaintiff during the entirety of the BSEA proceedings and spent numerous hours representing Plaintiff and preparing Plaintiff's case, as well as having to continue representing Plaintiff's and Student's legal interests after the conclusion of the BSEA hearing.

18. The Plaintiff has expended large sums of money to pay for counsel's services and for case expenses. The Plaintiff still owes legal fees to undersigned counsel. The Plaintiff reserves the right to provide the Court with an actual monetary figure at the time of a hearing or trial on the merits of this case.

## RELIEF REQUESTED

The Plaintiff therefore prays that the Court:

1. Grant her judgment, whether by trial or by motion, and a monetary award, pursuant to 20 U.S.C. §1415(i)(3)(B), for attorney's fees and all costs associated with undersigned counsel's representation and the litigation of Plaintiff's claims, as well as interest.

2. Grant her all other relief, whether it be in law or in equity, that the Court deems appropriate and just.

Plaintiff,
By her attorney,

Sean T. Goguen, Esq.
BBO #629252
Law Office of Sean T. Goguen
623 Main Street, Suite 18
Woburn, MA 01801
(781)938-0304